IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHELLE OFFREDO,** | § § § | |
| Plaintiff, | § § | CASE NO. _____ |
| vs. | § § § | (Case No. CV-20-935892, Court of Common Pleas, Cuyahoga County, Ohio) |
| **GREENSKY, LLC,** | § § § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant GreenSky, LLC ("GreenSky" or "Defendant") hereby removes this action from the Court of Common Pleas in Cuyahoga County, Ohio ("State Court"), to the United States District Court for the Northern District of Ohio, Eastern Division. As grounds for removal, GreenSky states as follows:

### FACTUAL BACKGROUND

1. On August 12, 2020, Plaintiff Michelle Offredo filed a putative class-action petition (hereinafter "Complaint") in State Court, Case No. CV-20-935892, against GreenSky. The Complaint alleges one cause of action against Defendant for Conspiracy.

2. To date, Plaintiff has not made proper service upon GreenSky, LLC.

3. On August 13, 2020, the Clerk of the Court of Common Pleas in Cuyahoga County, Ohio, sent a copy of the Plaintiff's Complaint and a Summons by USPS Certified Mail to GreenSky, LLC, 1797 Northeast Expressway NE, Suite 100, Atlanta, Georgia 30329. See **Exhibit A.** The return of service from the United States Postal Service states that the

Complaint and Summons were delivered on August 17, 2020. See **Exhibit B.** The recipient information provided by USPS is shown in *Figure 1*, below:



*Figure 1.* Signature and Address of Recipient of Certified Mail package containing Plaintiff's Complaint and Summons.

4. It is unclear to GreenSky who accepted service of the USPS Certified Mail package containing the Complaint and Summons. **Exhibit C**. There were only three employees of GreenSky who were present at GreenSky's offices on August 17, 2020, who could have accepted service of this document: Keith Gray, Robyn McRae, and a security guard who was in the lobby of the building. **Exhibit C**. None of those three employees have the initials "LUG," "CVIG," "CUA," or anything similar to what is shown as the Signature of Recipient in *Figure 1*. **Exhibit C**.

5. On March 5, 2021, GreenSky's legal counsel received an email from Plaintiff's counsel James Wertheim attaching a copy of the Complaint and asking if "Greensky will be defending this matter." **Exhibit D**. This was the first time that GreenSky had received any correspondence or information concerning this case from Plaintiff's counsel.

6. Prior to March 5, 2021, neither the Cuyahoga County, Ohio Court nor Plaintiff's counsel had provided GreenSky a copy with this Complaint. And as of today, GreenSky has still not yet been served in this Lawsuit. As set forth in the Declaration of Keith Gray, service was not proper on August 17, 2020, because the Return of Service was not

executed by any employee of GreenSky, and no employee of GreenSky received or signed for this Complaint. **Exhibit C.**

7. This Notice of Removal is timely because GreenSky has not yet been formally served, and therefore the 30 days referenced in 28 U.S.C. § 1446(b)(1) has not yet begun to run. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (holding that the 30 day removal period does not begin until after the defendant has been properly served).

## VENUE

8. Venue is proper in this District and Division pursuant to 28 U.S.C. §1441(a) because the State Court Action was filed in Cuyahoga County, Ohio, which is within the Eastern Division of the United States District Court for the Northern District of Ohio.

9. As required by 28 U.S.C. § 1446(d), GreenSky filed the attached Notice of Filing of Notice of Removal with the Cuyahoga County, Ohio, Court of Common Pleas, on the date the original Notice of Removal was filed. *See* **Exhibit E**, Notice of Filing of Notice of Removal.

## JURISDICTION

10. The Class Action Fairness Act ("CAFA") gives federal courts jurisdiction over "class actions"[1] where (1) "any member of a class of plaintiffs is a citizen of a State different from any defendant"; (2) "the number of members of all proposed plaintiff classes in the aggregate is [more] than 100"; and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (2)(A), and (5)(B). All of these requirements are satisfied in the present case. As such, this class action is removable.

---

[1] This action falls within CAFA's definition of "class action." 28 U.S.C. § 1332(d)(1)(B) (defining "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action"). In her Complaint, Plaintiff alleges she filed this action under Ohio Rule of Civil Procedure 23, *see* **Exhibit. F**, ¶ 34; and Rule 23 is the state analog to Federal Rule of Civil Procedure 23. *See* Oh. R. Civ. P. 23 Staff Note (July 1, 2015 Amendment) ("The rule is amended to conform its provisions to the changes made to Federal Rule 23.")

*See* 28 U.S.C. § 1453(b).

## MINIMAL DIVERSITY

11. Under CAFA, this Court has original subject-matter jurisdiction "if any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

12. Plaintiff alleges in her Complaint that she "brings this action individually an on behalf of all others similarly situated, as members of an Ohio class" defined as "Residents of the State of Ohio." **Exhibit F**, ¶ 32.

13. Plaintiff, individually, and all potential plaintiffs, are citizens of Ohio.

14. Under 28 U.S.C. § 1332(d)(10), "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."

15. The citizenship of GreenSky, LLC, an unincorporated association under CAFA, is determined by its principal place of business and its State of incorporation.

16. Defendant GreenSky, LLC is a limited liability company that was formed under the laws of Georgia and maintains a principal place of business at 5565 Glenridge Connector, Atlanta, Georgia, 30342. **Exhibit I**, Declaration of Shannon Shipp ¶ 2.

17. GreenSky, LLC is a citizen of Georgia.

18. There is minimal diversity between Defendant GreenSky, a citizen of Georgia, and Plaintiff, a citizen of Ohio. *See* 28 U.S.C. § 1332(d)(2)(A); *see also Payne v. Ford*, 3:18-CV-2451, 2018 WL 6169284, at *1 (N.D. Ohio Nov. 26, 2018) ("the ordinary requirement of complete diversity was replaced with a minimal diversity requirement" for jurisdiction under CAFA, which means federal courts can exercise jurisdiction if "any plaintiff is a citizen of a different state from any defendant.").

## NUMBER OF MEMBERS OF PROPOSED CLASS

19. Under CAFA, this Court has original subject-matter jurisdiction if the number of members of all proposed plaintiff classes in the aggregate is more than 100. 28 U.S.C. § 1332(d)(5).

20. According to the Complaint, the class is defined as: (a) Residents of the State of Ohio at the time they received the treatment; (b) who were treated at any facilities with any kind of stem cell therapy; (c) whose treatment was financed by Defendant; (d) within the four years prior to the date of the filing of this Complaint. **Exhibit F**, ¶ 32(a) – (d). Plaintiff alleges that the proposed Class "consists of at least hundreds or more persons." **Exhibit F**, ¶ 35.

21. Defendant has identified at least 985 customers who, on information and belief, allegedly meet the Plaintiff's purported definition of the class. These customers are residents of Ohio who were treated at facilities providing stem cell therapy, and these customers' treatment was financed by Defendant within the four years prior to the date of the filing of Plaintiff's Complaint. **Exhibit I**, Declaration of Shannon Shipp, ¶ 5.

22. Based on Plaintiff's allegations and Defendant's review of its records, the number of potential class members exceeds 100. As a result, the requirement for more than 100 putative class members is easily satisfied.

## AMOUNT IN CONTROVERSY

23. To establish subject-matter jurisdiction under CAFA, the amount in controversy must exceed $5 million, less costs and interest. *See* 28 U.S.C. § 1332(d)(2).

24. The removing party need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 549, 190 L. Ed. 2d 495 (2014); 28 U.S.C. 1446(a). In order to meet the $5,000,000

threshold, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. 1332(d)(6).

25. Plaintiff does not specify in her Complaint the exact amount of damages sought. However, Plaintiff alleged in her Complaint that she has been damaged in an amount of at least $10,000. **Exhibit F**, ¶ 30. Plaintiff further alleged that the claims of Plaintiff are typical of the claims of the proposed Class. **Exhibit F**, ¶ 37.

26. GreenSky estimates that there may be as many as 985 members of the Class. **Exhibit I**, Declaration of Shannon Shipp, ¶ 5.

27. Assuming each of the 985 potential members of the Class alleges they have been similarly damaged in the amount of at least $10,000, the amount in controversy is $9,850,000.

28. Thus, the amount in controversy exceeds the sum or value of $5,000,000.

29. Because there are more than 100 members of the putative class, there is minimal diversity between the parties, and there is an amount in controversy greater than $5,000,000, there is subject matter jurisdiction in this Court. *See* 28 U.S.C. 1332(d).

## **COMPLIANCE WITH 28 U.S.C. § 1446**

30. Pursuant to 28 U.S.C. § 1446(a), GreenSky has attached all process, pleadings, and orders served in State Court. *See* **Exhibits B, F, and G**, attached hereto.

31. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed, as GreenSky has not yet been properly served with notice of the state lawsuit.

32. Pursuant to 28 U.S.C. § 1446(b)(3), GreenSky will promptly provide written notice of the removal of the state court action to Plaintiff, through his attorneys of record, and

to the Cuyahoga County, Ohio, Court of Common Pleas.

WHEREFORE, PREMISES CONSIDERED, Defendant, pursuant to the foregoing statutes, removes this action, styled *Michelle Offredo v. GreenSky, LLC*, Case No. CV-20-935892, from the Court of Common Pleas in Cuyahoga County, Ohio, to this Court.

Respectfully submitted,

**GREENSKY, LLC,**

By /s/ *Paul B. Ricard*
Craig Pelini, #0019221
Paul B. Ricard, #0088207
PELINI, CAMPBELL & WILLIAMS, LLC
8040 Cleveland Ave NW, Suite 400
North Canton, Ohio 44720
(330) 305-6400 Telephone
(330) 305-0042 Facsimile
E-Mail: cgp@pelini-law.com
           pbricard@pelini-law.com
**Attorneys for Defendant GreenSky, LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was electronically filed this 5th day of March, 2021.

                                        /s/ *Paul B. Ricard*
                                        Craig Pelini, #0019221
                                        Paul B. Ricard, #0088207

s:\3688\1\2553.70 offredo - notice of removal.docx[3/5/21:ldc]