

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
August 12, 2020 15:16

By: JAMES S. WERTHEIM 0029464

Confirmation Nbr. 2049889

MICHELLE OFFREDO                          CV 20 935892

    vs.
                                        **Judge:** SHANNON M. GALLAGHER

GREENSKY LLC

**Pages Filed:** 9



EXHIBIT F

**IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY OHIO**

| | |
|---|---|
| MICHELLE OFFREDO<br>315 Sandstone Ridgeway<br>Cleveland, OH 44017,<br><br>   Plaintiff,<br><br> vs.<br><br>GREENSKY LLC,<br>aka GreenSky Patient Solutions, LLC<br>1797 Northeast Expressway NE Suite 100<br>Atlanta, GA 30329,<br><br>   Defendant. | CASE NO.<br><br>JUDGE<br><br><br><br>**CLASS ACTION COMPLAINT**<br>*(Jury Demand Endorsed Hereon)* |

Plaintiff, Michelle Offredo (hereinafter, "Plaintiff"), individually and on behalf of all others similarly situated, alleges against Defendant GreenSky, LLC aka GreenSky Patient Solutions, LLC (hereinafter, "Defendant") as follows:

## I. INTRODUCTION

1. The false misrepresentation of unproven stem cell interventions ("SCIs") by commercial entities has proliferated in the United States.

2. Without access to funding to pay for these procedures, which are not covered by insurance, the business model would fail.

3. Defendant solicits these entities who provide "elective care" stem cell injections without insurance reimbursements.

4. Defendant states on its website: A "financing solution can enhance revenue by providing more patients with affordable access to quality care."

5. Defendant states on its website: "**Based on your specialty** and your selected platform, **we'll help you build a customized finance solution to support the types of procedures you provide,** your fee, fixed costs…"

6. Defendant arranges for the funding for these patients at the entities on the spot.

7. It is unclear what lending role Defendant actually takes, as the patient never deals with anyone but Defendant related to these loans, even though Defendant states it is not the lender.

8. It is well known and easily determinable that the only stem cell-based products that are FDA-approved for use in the United States consist of blood-forming stem cells (hematopoietic progenitor cells) derived from cord blood.

9. The leading stem cell researchers in the world unequivocally state that there is no scientific evidence or clinical studies that prove that stem cell procedures work in any other area, and there have been no clinical studies to support any claims that they do.

10. Defendant supports entities like Superior Health Care and others which falsely and fraudulently advertised and represented to Plaintiff and others that "stem cell" therapy procedures treat a litany of serious diseases, is risk free and never fails, and that stem cell products are an approved safe treatment for their problems, when in fact they are both unapproved and without clinical support.

11. Defendant arranges for the funding of these procedures even though it knows or should know they are bogus and have serious potential for adverse risks, are not FDA approved, and that no studies have proven that their product is safe or effective.

12. According to the FDA, other potential safety concerns for unproven treatments include administration site reactions, the ability of cells to move from placement sites and

change into inappropriate cell types or multiply, failure of cells to work as expected, and the growth of tumors.

13. Experts in the field of stem cells have described these treatments as "snake oil."

14. The Mayo clinic states: "Embryonic stem cells might also trigger an immune response in which the recipient's body attacks the stem cells as foreign invaders, or the stem cells might simply fail to function normally, with unknown consequences."

15. Experts in the field of stem cell research all agree that there are no proven uses for stem cells in the treatment of orthopedic injuries or eye ailments, and no clinical studies have proven the treatment works.

16. The New York Attorney General recently stated: "Misleading vulnerable consumers who are desperate to find a treatment for serious and painful medical conditions is unacceptable, **unlawful**, and immoral. We will continue to investigate these types of clinics that shamelessly add to the suffering of these consumers by charging them thousands of dollars for treatments that they know are unproven."

17. Yet, Defendant continues to fund these fraudulent unlawful practices solely for profit. Without Defendant's funding, these unlawful and immoral practices could not occur.

18. This is a class action by Ohio residents seeking damages arising from Defendant's conspiracy with stem cell entities to fund these illegal acts which it knows are unproven, potentially dangerous and for which there is no supporting clinical evidence.

## II. FACTUAL ALLEGATIONS

19. In around August 2018, Plaintiff received a postcard from Superior Healthcare advertising a seminar regarding the use of stem cell therapy for back problems.

20. Plaintiff has had constant back problems for many years and was in severe pain daily.

21. She was desperate.

22. Before her appointment, Plaintiff reviewed Superior HealthCare's website which made promises of a safe, effective and proven therapy.

23. She could not afford to pay for the $10,000 treatment out of pocket.

24. Superior Healthcare arranged for the financing of the $10,000 treatment through Defendant on the spot.

25. Without this funding, Plaintiff could never have undertaken the procedure.

26. Defendant implies that it will work with the provider regarding any complaints.

27. Defendant does not do so.

28. Defendant conspired with Superior Healthcare and preyed on Plaintiff, who was in a desperate state.

29. Plaintiff was harmed by Defendant's actions.

30. Plaintiff has been damaged in an amount of at least $10,000.

31. Plaintiff is entitled to statutory damages and attorney fees.

## III. CLASS ACTION ALLEGATIONS

A.  **Class Definition**

32. Plaintiff brings this action individually and on behalf of all others similarly situated, as members of an Ohio class (the "Class") preliminarily defined as:

(a) Residents of the State of Ohio at the time they received the treatment;

(b) Who were treated at any facilities with any kind of stem cell therapy;

(c) Whose treatment was financed by Defendant;

(d) Within the four years prior to the date of the filing of this Complaint.

33. Excluded from the proposed Class are the judicial officers and their immediate family members and associated court staff assigned to this case, as well as all persons who make a timely election to be excluded from the proposed Class.

**B.   A Class Action is Superior**

34. This action is properly maintainable as a class action under Ohio Rule of Civil Procedure 23.

35. **Numerosity**. The proposed Class consists of at least hundreds or more persons, such that joinder of all Class members is impracticable.

36. **Commonality**. There are questions of law and fact that are common to the Class members that relate to Defendant's uniform conduct as set forth above.

37. **Typicality**. The claims of Plaintiff are typical of the claims of the proposed Class because Plaintiff's claims are based on the same legal theories, and Plaintiff has no interests that are antagonistic to the interests of the Class members.

38. **Adequacy**. Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation.

39. **Common Questions of Law and Fact**. The questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact in this litigation include, but are not limited to:

(a) Whether Defendant had any scientific evidence to support the claims that the treatment was clinically proven, was not experimental, that adverse side effects were not possible and that the procedure had FDA approval;

(b) Whether Defendant's conduct was necessary for the stem cell providers to provide the services;

(c) Whether the stem cell providers engaged in fraud.

40. **Superiority**. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would not be economically feasible for individual Class members, and certification as a class action will preserve judicial resources by allowing the common issues of the Class members to be adjudicated in a single forum, avoiding the need for duplicative hearings and discovery in individual actions that are based on an identical set of facts.

41. This proposed class action does not present any unique management difficulties.

## IV. CLAIM

A. **First Cause of Action (Conspiracy)**

42. Plaintiff incorporates the preceding paragraphs of this Complaint as if fully set forth below.

43. A civil conspiracy is defined as a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual

Electronically Filed 08/12/2020 15:16 /  / CV 20 935892 / Confirmation Nbr. 2049889 / CLJSZ

damages. LeFort v. Century 21–Maitland Realty Co. (1987), 32 Ohio St.3d 121, 126, 512 N.E.2d 640, 645.

44. Defendant conspired with the stem cell providers to injure and defraud stem cell recipients by providing the funding, without which there would be no SCI business, for a fraudulent and deceptive practice.

45. The element of malicious combination to injure does not require a showing of an express agreement between defendants, but only a common understanding or design, even if tacit, to commit an unlawful act. Gosden v. Louis, 116 Ohio App. 3d 195, 219, 687 N.E.2d 481, 496 (1996).

46. Defendant's own website and business plan states: "Based on your specialty and your selected platform, we'll help you build a **customized finance solution** to **support the types of procedures you provide,** your fee, fixed costs…" Defendant admits that before it agrees to provide funding, it understands the stem cell providers procedures and business and works with them to fund the fraudulently misrepresented procedure.

47. Fraud is a sufficient underlying act.

48. Defendant and the stem cell providers conspired to defraud consumers.

49. An act is deceptive if it has the likelihood of inducing a state of mind in the mind of the consumer that is not in accord with the facts.

50. The stem cell providers committed deceptive acts, including false advertising and misrepresentations that the product could treat conditions when it was not approved for such use, that the procedure was safe, that is was always effective and that there is clinical or scientific data to support the claim.

51. The stem cell providers committed theft by deception, which is only possible with the funding provided by Defendant.

52. Defendant conspired with entities like Superior Healthcare by providing the funding for dangerous and falsely advertised procedures.

53. As a direct and proximate result, Plaintiff and the Class have suffered actual damages, including, but not limited to, the cost of the stem cell procedure and the costs of loans.

54. Plaintiff and the Class are entitled to an award of punitive damages and attorney fees.

## V. REQUEST FOR RELIEF

WHEREFORE, Plaintiff individually and on behalf of all others similarly situated, respectfully requests:

A. Certification of the Class requested above and appointment of Plaintiff as the Class Representative and her counsel as Class Counsel;

B. An order and/or judgment awarding Plaintiff and the Class members all actual and punitive damages permitted by law;

F. An order granting reasonable attorney fees and costs, as well as pre- and post-judgment interest at the maximum legal rate; and

G. Such other and further relief as the Court finds just and proper.

## VI.  JURY DEMAND

Plaintiff demands a trial by jury.

>Respectfully submitted,
>
>*/s/James S. Wertheim*
>JAMES S. WERTHEIM (0029464)
>James S Wertheim LLC
>23811 Chagrin Blvd., Suite 330
>Beachwood, OH 44122
>(Ph.) 216-902-1719
>wertheimjim@gmail.com
>
>*Counsel for Plaintiff*